**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IQBAL SINGH PUREWAL, | No. 10-70516 |
| Petitioner, | Agency No. A089-070-641 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2014[**]
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District Judge.[***]

Iqbal Singh Purewal appeals the denial of his application for asylum,

withholding of removal, and protection under the United Nations Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") denied the application because Purewal's testimony was not credible and Purewal failed to meet his burden of proof. We deny the petition.

Purewal first challenges the BIA's conclusion that his asylum claim was time barred because Purewal did not prove that he filed for asylum within one year of arriving in the United States. See 8 U.S.C. § 1158(a)(2)(B). The BIA reached that conclusion after finding that Purewal's testimony regarding his date of entry was not credible and that his sole piece of corroborating evidence was inadequate. Because Purewal challenges the BIA's resolution of a factual dispute regarding Purewal's date of entry, this court does not have jurisdiction to review that conclusion. See id. § 1158(a)(3); Sumolang v. Holder, 723 F.3d 1080, 1082 (9th Cir. 2013).

Purewal next contests the BIA's adverse credibility determination. But substantial evidence, including the IJ's observations of Purewal's demeanor, the inconsistencies between Purewal's testimony and his application, and Purewal's failure to present reasonably available corroborating evidence, supports that determination. See 8 U.S.C. §§ 1252(b)(4)(B), 1158(b)(1)(B)(iii), 1231(b)(3)(C), 1229a(c)(4)(C); Chawla v. Holder, 599 F.3d 998, 1001 (9th Cir. 2010).

Finally, Purewal argues that the BIA erred by failing to independently analyze his CAT claim, including the country reports he presented to support that claim. Although the BIA erred by not stating that it considered the country reports (or at least that it considered all of the evidence, Cole v. Holder, 659 F.3d 762, 771 (9th Cir. 2011)), that omission does not warrant granting the petition. Indeed, the IJ concluded that the country reports undermined Purewal's claim, see Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010) (this court may look to the IJ's decision if the BIA's analysis was "confined to a simple statement of a conclusion") (internal quotation marks omitted), and substantial evidence supports that finding.

**PETITION FOR REVIEW DENIED.**